UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
BLAINE R. HANDERHAN,            :
     Petitioner,                :
                                :   PRISONER
     v.                         :   Case No. 3:17cv194(AWT)
                                :
WARDEN F.C.I. DANBURY,          :
     Respondent.                :
```

**RULING AND ORDER**

The petitioner, Blaine Handerhan, is confined at Danbury Federal Correctional Institution in Danbury, Connecticut. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 2012 federal conviction and sentence.

In October 2011, in the United States District Court for the Middle District of Pennsylvania, the petitioner pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A (a)(5). See Pet. Writ Habeas Corpus, ECF No. 1 at 1-2, 22. In August 2012, a judge sentenced the petitioner to 96 months of imprisonment. See United States v. Handerhan, 739 F.3d 114, 119 (3d Cir. 2014).

The petitioner appealed his conviction and sentence. On September 7, 2014, the United States Court of Appeals for the Third Circuit affirmed the judgment. See id. at 125.

On February 12, 2014, in the United States District Court for the Middle District of Pennsylvania, the petitioner filed a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. See Pet. Writ Habeas Corpus, ECF No. 1 at 4. On September 23, 2014, a judge denied the petitioner's motion to vacate his sentence on the merits. On February 5, 2015, the Court of Appeals for the Third Circuit denied a certificate of appealability. See U.S. v. Handerhan, C.A. No. 14-4120 (3d Cir. Feb. 5, 2015).

In June 2015, the petitioner filed a motion to vacate the order denying the section 2255 motion pursuant to Rule 60(b), Fed. R. Civ. P. In August 2015, the petitioner filed a motion to alter or amend the order denying the motion to vacate the ruling denying the section 2255 motion pursuant to Rule 59(e), Fed. R. Civ. P. A judge in the United States District Court for the Middle District of Pennsylvania subsequently denied both motions. See United States v. Handerhan, Criminal No. 1:CR-10-0298, 2015 WL 11387769 (M.D. Pa. Sept. 22, 2015) (denying Rule 60, Fed. R. Civ. P. motion); United States v. Handerhan, Criminal No. 1:CR-10-0298, 2015 WL 6501200 (M.D. Pa. Oct. 27, 2015) (denying Rule 59(e), Fed. R. Civ. P. motion). On March 17, 2016, the Court of Appeals for the Third Circuit denied a

certificate of appealability as to the rulings on the Rule 60(b) and Rule 59(a) motions. See U.S. v. Handerhan, C.A. No. 15-3714 (3d Cir. Mar. 17, 2016).

"The Judiciary Act of 1789 . . . empowered federal courts in the district in which a prisoner was confined to issue a writ of habeas corpus if the prisoner was in custody, under or by colour of the authority of the United States." Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)(internal quotation marks and citation omitted). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition).

A motion filed pursuant to 28 U.S.C. § 2255, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." Id. at 146-47. Thus, as a general rule, federal prisoners

3

challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.  A section 2255 motion must be filed in the district court that sentenced the petitioner.  See 28 U.S.C. § 2255(a).  A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, however, should name the petitioner's custodian as the respondent and should be filed in the district court in the state in which the petitioner is confined.  See Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

The petitioner challenges his federal conviction on the ground that he lacked the mens rea to commit the crime of possession of child pornography because he suffered from various mental health conditions at the time he downloaded the images onto his computer.  In addition, he claims that there was insufficient evidence to show that he knowingly downloaded the pornographic images to his computer.  He contends that his guilty plea was not knowing or voluntary because he was incompetent at the time.  He seeks an "evidentiary hearing to

determine the real truth in this matter." Pet. Writ Habeas Corpus, ECF No. 1 at 35. He asks the court to permit him to "to retain, [an] expert forensic psychiatrist and [a] technology specialist to prepare forensic expert testimony[y] necessary for the Honorable Court to allow [him] to withdraw his plea of guilty and vacate his sentence." Id. Because the present petition challenges the legality of the petitioner's conviction and sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The petitioner suggests that he has met the requirements for filing a section 2241 petition under the "savings clause" contained in 28 U.S.C. § 2255(e). United States v. Cephas, 328 F.3d 98, 105 (2d Cir. 2003). This clause permits a federal prisoner to challenge his or her conviction by filing a section 2241 petition when a motion under section 2255 "provides *an inadequate or ineffective remedy* to test the legality of a federal prisoner's detention." Jiminian, 245 F.3d at 147 (emphasis added). However, the term "inadequate and ineffective" in the savings clause of section 2255 refers to those relatively few cases "in which a petitioner cannot, for whatever reason, utilize section 2255, and in which the failure to allow for collateral review would raise serious

5

constitutional questions." Triestman, 124 F.3d at 377-78. Thus, the exception is available only in cases involving prisoners "who can prove . . . actual innocence on the existing record-- and who could not have effectively raised [their] claim[s] of innocence at an earlier time." Id. at 378. In Triestman, the exception permitting the filing of a section 2241 petition to challenge a conviction and sentence applied because the petitioner there had no prior opportunity to challenge his conviction for conduct that the United States Supreme Court later deemed to be non-criminal. See id. at 380.

Claims of actual innocence must be premised on a clear and convincing showing of "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "[I]n the context of a noncapital case, the concept of actual innocence is easy to grasp, because it normally means simply that the defendant did not commit the crime" of which he or she has been convicted. Poindexter v. Nash, 333 F.3d 372, 389-81 (2d Cir. 2003) (internal quotation marks and citations omitted).

The petitioner has not established that a section 2255 motion is an inadequate and ineffective remedy to test the legality of his sentence. The fact that a petitioner might not

6

be able to meet the procedural requirements set forth in 28 U.S.C. § 2255(e), (f) or (h) for filing a section 2255 motion, does not make the remedy under section 2255 inadequate or ineffective.  See id. at 378 (to qualify for exception authorizing filing of section 2241 petition "it is insufficient simply that relief under § 2255 is unavailable because, for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of §§ 2244 and 2255"); Jiminian, 245 F.3d at 156-58 (holding that § 2255 is not inadequate or ineffective . . . simply because a prisoner "cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion.")  Thus, the fact that a judge in the Middle District of Pennsylvania has already dismissed a section 2255 motion filed by the petitioner on the merits does not make the remedy under section 2255 inadequate or ineffective.

The petitioner claims that he is actually innocent of the crime for which he pled guilty.  He has, however, failed to submit evidence that supports such a claim.  Rather he states that he requires "forensic psychiatric evidence and testimony

regarding [his] state of mind at the time of the commission of the alleged act," in order to prove his claim that lacked the mens rea to commit the crime and is actually innocent. See Pet. Writ Habeas Corpus ECF No. 1 at 24. The court concludes that the petitioner has not demonstrated "his actual innocence" by clear and convincing evidence "on the existing record." Triestman, 124 F.3d 378.

Furthermore, the petitioner has not sufficiently alleged that he could not have raised his claim of actual innocence at an earlier time. The petitioner contends that he did not raise the claims in this petition earlier because the status of his mental health did not permit him "to independently review and prepare legal documentation." See Petition for Writ of Habeas Corpus [ECF No. 1] at 34. This contention, however, is without merit. In his first section 2255 motion, the petitioner raised several ineffective assistance of counsel claims that stemmed from his contention that his mental illness either prevented him from being able to form the necessary criminal intent or made him incompetent to stand trial or plead guilty to the offense of possession of child pornography. In addition, he raised his claim of mental incompetency in the motion to vacate and set aside the ruling denying the section 2255 motion. The court

8

concludes that the petitioner has not alleged that the claims that (1) he did not possess the mens rea necessary to have committed the crime of possession of child pornography, (2) there was insufficient evidence to show that he knowingly downloaded the pornographic images to his computer, and (3) he did not knowingly or voluntarily plead guilty, were unavailable to him at an earlier time and could not have been raised on direct appeal or in a previous section 2255 motion.  See Jiminian, 245 F.3d at 147 (holding that if a claim sought to be raised by petitioner was previously available to him, the "failure to permit review of that claim would not raise serious constitutional questions").  Thus, the claims raised by the petitioner do not fall within the savings clause exception to 28 U.S.C. § 2255.

The petitioner has not shown that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction and sentence.  Thus, he has not met the requirements which would permit him to invoke this court's jurisdiction to hear his claims pursuant to 28 U.S.C. § 2241.

A district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence

9

pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner "has had a prior § 2255 motion dismissed on the merits." Jiminian, 245 F.3d at 148.  Here, the petitioner has had one prior section 2255 motion decided on the merits by the United States District Court for the Middle District of Pennsylvania.  See United States v. Handerhan, Criminal No. 1:CR-10-0298, 2014 WL 4792007 (M.D. Pa. Sept. 23, 2014).  Therefore, the court construes the instant petition as a second motion filed pursuant to 28 U.S.C. § 2255.

Ordinarily, a district court would transfer a second or successive section 2255 motion to the Court of Appeals to enable that court to determine whether certification to file a second petition should be granted.  See id.; Liriano v. United States, 95 F.3d 119, 123 (2d Cir.1996) ("when a second or successive . . . § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the . . . motion to this Court in the interests of justice pursuant to 28 U.S.C. § 1631").  Both Jiminian and Liriano, however, presupposed that the second or successive Section 2255 motion was brought before a sentencing court within the Second Circuit and that the only

defect in the jurisdiction of that court was the absence of a certificate from the Court of Appeals for the Second Circuit.

This case is different because the section 2255 motion was required to have been filed in a sentencing court outside the Second Circuit, i.e. the United States District Court for the Middle District of Pennsylvania, and because the sentencing court could not properly have entertained it without a certificate from the Court of Appeals for the Third Circuit. The court concludes that the appropriate course of action, therefore, is to transfer this second section 2255 motion to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631, for whatever action that court deems appropriate. See Dixon v. Killian, No. 09 Civ. 6823(LAK), 2009 WL 2709371, at *2 (S.D.N.Y. Aug. 25, 2009) (construing section 2241 petition as a second or successive section 2255 motion and transferring the motion to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631).

## Conclusion

As stated above, the court lacks subject matter jurisdiction over the Petition for Writ of Habeas Corpus [**ECF No. 1**]. The Petition [**ECF No. 1**] is construed as a second

11

section 2255 motion and is hereby **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania, in the interests of justice pursuant to 28 U.S.C. § 1631, for whatever action that court deems appropriate

It is so ordered.

Dated this 9th day of May, 2017, at Hartford, Connecticut.

                                                    /s/AWT
                                   Alvin W. Thompson
                            United States District Judge